UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUZ P.,

Plaintiff,

-against- 3:25-CV-00624 (LEK)

FRANK BISIGNANO,
COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Luz P.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking review of a decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security Disability benefits and Supplemental Security Income ("SSI") benefits for a lack of disability. *See* Dkt. No. 1 ("Complaint"). Plaintiff moves for the Commissioner's decision to be vacated and remanded for calculation and payment of benefits, or in the alternative remanded for further proceedings. *See* Dkt. No. 11 ("Motion"). The Commissioner filed a response. *See* Dkt. No. 16 ("Response"). Plaintiff filed a reply. *See* Dkt. No. 17 ("Reply"). For the reasons that follow, the Court vacates and remands the Commissioner's decision for further proceedings.

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff's last name by initial only.

## II. BACKGROUND

On February 10, 2017, Plaintiff protectively filed a Title XVI application for SSI, alleging a disability onset date of January 13, 2017. Dkt. No. 8 at 19 ("Record" or "R.").[2] On October 1, 2019, a hearing was held before Administrative Law Judge ("ALJ") Charlie M. Johnson. R. at 52–77. At the hearing, Plaintiff amended her alleged disability onset date to August 19, 2018. R. at 59–60. ALJ Johnson issued an unfavorable decision on October 11, 2019. R. at 13–35. Plaintiff requested review from the Appeals Council, which denied her request on August 17, 2020, and Plaintiff appealed to the Court. R. at 1–8. On August 23, 2021, the Honorable Andrew T. Baxter, United States Magistrate Judge, remanded the case for further proceedings pursuant to a stipulation between the parties. R. at 1197–99. On August 10, 2022, the Appeals Council issued a follow-up order remanding the case back to an ALJ. R. at 1187–96.

ALJ Kenneth Theurer held a new hearing on August 30, 2023, R. at 1169–86, and issued a partially favorable decision on September 13, 2023, finding Plaintiff disabled as of August 19, 2023, R. at 1133–68. Plaintiff again appealed to the Court, and on April 23, 2024, the parties again stipulated to remand the case for further proceedings. R. at 3238–41. On May 30, 2024, the Appeals Council issued another follow-up remand order, vacating the ALJ's determination that Plaintiff was not disabled prior to August 19, 2023. R. at 3242–50.

On January 6, 2025, ALJ Kenneth Theurer held another hearing, R. at 3155–65, and later issued an unfavorable decision finding Plaintiff not disabled for the time period at issue on January 27, 2025, R. at 3117–54. Plaintiff appeals that decision to the Court. *See* Compl.

---

[2] "R." followed by a number refers to the pages of the administrative transcript, found at the bottom right-hand corner of the page.

## III. LEGAL STANDARD

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). The Commissioner's decision will only be overturned "if the ALJ applies an incorrect legal standard, or if the ALJ's ruling is not supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir. 2022). Substantial evidence is "more than a mere scintilla." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). This requires "only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229). This "threshold for . . . evidentiary sufficiency is not high." *Id.* Where substantial evidence supports the ALJ's findings, the decision must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

To facilitate the court's review, an ALJ must set forth "the crucial factors . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [their] decision, nor to supply its own

rationale where the ALJ's decision is lacking or unclear." *Dittmar v. Comm'r of Soc. Sec.*, No. 16-CV-0404, 2017 WL 2333836, at *5 (N.D.N.Y. May 30, 2017).

### B. Standard for Benefits

To be considered disabled, a claimant seeking SSI must establish that they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920, to evaluate SSI and DIB claims:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant has the burden of proof to establish a disability at the first four steps. *Id.* However, if the claimant establishes that their impairment prevents them from performing their past work, the burden shifts to the Commissioner to prove the final step. *Id*.

## IV. DISCUSSION

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ's step five finding—that Plaintiff is capable of performing three jobs which collectively exist in significant numbers in the national economy—is unsupported by substantial evidence. Mot. at 17–23.

Second, Plaintiff argues that the "[t]he ALJ failed to properly apply the treating physician rule to Dr. Fernandez's opinion. *Id.* at 23–30.

**A. ALJ's Reliance on the VE's Available Jobs Numbers**

Plaintiff argues that the ALJ's step five finding is erroneous, as two of the three jobs which the ALJ found Plaintiff capable of performing are "obsolete," and the third job "does not exist in significant numbers in the national economy." *Id.* at 17. In response, the Commissioner argues that Plaintiff's failure to raise this issue to the ALJ constitutes a waiver of the issue. Resp. at 14.

"The failure to present an argument to the ALJ constitutes waiver of the right to raise it on appeal." *Carvey v. Astrue*, No. 06-CV-0737, 2009 WL 3199215, at *14 (N.D.N.Y. Sept. 30, 2009), *aff'd*, 380 F. App'x 50 (2d Cir. 2010). This is so "in light of the fundamental principle that an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). Indeed, "[t]he impact of a no-waiver approach . . . at the ALJ level . . . could cause havoc, severely undermining the administrative process." *Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001). The Court thus joins other district courts in this Circuit in holding that Social Security claimants who fail to raise an issue to the ALJ waive that issue upon appeal. *See, e.g.*, *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 225 (E.D.N.Y. 2021) (finding that plaintiff waived their ability to challenge the ALJ's reliance on a vocational expert's testimony by not challenging that testimony below); *Harvey v. Astrue*, No. 05-CV-1094, 2008 WL 4517809, at *15 (N.D.N.Y. Sept. 29, 2008) (finding waiver); *Carol C. v. Comm'r of Soc. Sec.*, No. 21-CV-00862, 2023 WL 2664430, at *11 (N.D.N.Y. Mar. 28, 2023) (finding waiver); *but see Corey S. v. Comm'r of Soc.*

*Sec.*, No. 20-CV-0678, 2021 WL 2935917, at *11–12 (N.D.N.Y. July 13, 2021) (finding no waiver).

Here, Plaintiff's representative failed to dispute the availability of the jobs proffered by the VE at the hearing, despite having had the opportunity to do so. R. at 3162–64. Plaintiff does not respond to the Commissioner's waiver argument. *See* Reply at 1. The Court thus finds that Plaintiff waived her vocational expert argument. Plaintiff's motion to remand for calculation and payment of benefits is therefore denied.

**B. Application of the Treating Physician Rule to Dr. Fernandez's Opinions**

Plaintiff alleges that the ALJ failed to properly apply the treating physician rule to Dr. Fernandez's opinions. *See* Mot. at 23. Because Plaintiff filed her initial claim on February 10, 2017, *see* R. at 3246, before March 27, 2017, the treating physician rule applies, *see* 20 C.F.R. § 404.1527.

The treating physician rule requires the ALJ to give "controlling weight" to a treating source's medical opinion so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the ALJ determines the opinion is not entitled to controlling weight, the ALJ must then determine how much weight to give it. *See id.*; *Estrella*, 925 F.3d at 95. When assigning weight, the ALJ must consider the following nonexclusive factors: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (quoting *Estrella*, 925 F.3d at 95–96). Failure to explicitly apply these factors "is procedural error and subject to harmless error analysis." *Id.*

Throughout the process, the ALJ must give "'good reasons'—i.e., reasons supported by substantial evidence in the record—for the weight" assigned. *Id.*; *see also* 20 C.F.R. § 404.1527(c)(2). Not providing "good reasons" for a determination is grounds for remand. *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013).

Three of Dr. Fernandez's opinions are at issue. The first two occurred on June 16, 2017; one a physical opinion, *see* R. at 635, and the other a mental one, *see* R. at 636. The third occurred on April 2, 2019. *See* R. at 798–800. The Court now discusses each in turn.

*1. First Dr. Fernandez Opinion (Physical): June 16, 2017*

Plaintiff raises three concerns with the ALJ's analysis of Dr. Fernandez's June 16, 2017, physical evaluation of Plaintiff. *See* Mot. at 25–28. First, Plaintiff contends that the ALJ accepted every limitation from the opinion aside from the sitting limitations. *See id.* at 25. The other limitations included Plaintiff's inability to perform repetitive hand motions. *See id.* Plaintiff argues this limitation makes her unable to perform the jobs the ALJ found her capable of performing at step five. *See id.* Second, Plaintiff argues that the ALJ's rationale rested too heavily on the opinion being a checkbox form. *See id.* at 26. Third, Plaintiff argues that the ALJ's failure to cite specific inconsistent medical evidence when rejecting a treating physician's opinion requires remand. *See id.* at 28.

The ALJ wrote, in discussing Dr. Fernandez's opinion:

> I give this opinion some weight as this is a treating source for the claimant and this is their area of specialization. However, this is a checkbox form not tied to clinical findings and with no support for the sitting limits and appears to be based on a one-time examination as the form states that the first time the claimant was seen was June 14, 2017, and the date last seen was June 16, 2017. Otherwise, I concur with the sedentary limitations.

R. at 3134. The Court addresses each of Plaintiff's arguments in turn.

a. <u>Repetitive Hand Motions Limitation</u>

Plaintiff argues that the ALJ "accepted everything from" Dr. Fernandez's June 16, 2026, physical opinion "except the sitting limitations." Mot. at 25. Dr. Fernandez's report states that Plaintiff cannot adequately use her hands for repetitive motion tasks. *See* R. at 635; *see also* R. at 3134 (the ALJ noting that Dr. Fernandez's report claims "[Plaintiff] cannot perform repetitive motion tasks bilaterally"). According to Plaintiff, this acceptance is at odds with the ALJ's RFC assessment, which limits Plaintiff to frequent handling and fingering bilaterally. *See* Mot. at 25. Plaintiff claims that all of the step five jobs require these frequent hand and finger motions. *See id.* Further, Plaintiff contends that the selective adoption of limitations from Dr. Fernandez's opinion requires more explanation than the ALJ provided. *See id.* at 25–26.

In response, the Commissioner claims that Plaintiff mischaracterizes the ALJ's determination of Dr. Fernandez's opinion. *See* Resp. at 11. As the Commissioner states, after not accepting the sitting limitations, the ALJ said, "[o]therwise, I concur with the sedentary limitations." R. at 3134. The Commissioner argues that this statement does not mean the ALJ concurred with the manipulative limitations. *See* Resp. at 11.

The Court finds that the ALJ, in "concur[ring] with the sedentary limitations" observed by Dr. Fernandez, accepted the limitations on hand motions in Dr. Fernandez's opinion. R. at 3134. Sedentary work includes duties such as "occasionally lifting or carrying articles like docket files, ledgers, and small tools," which require hand usage and would be affected by manipulative limitations. 20 C.F.R. § 404.1567(a). The ALJ's acceptance of the sedentary limitations would thus encompass Plaintiff's inability to perform "repetitive motion tasks" with either hand. R. at 635. Yet, the ALJ's RFC assessment limits Plaintiff to "no more than frequent handling and fingering bilaterally." R. at 3129.

"An ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified." *Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010). Additionally, "an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions." *Ryan H. v. Comm'r of Soc. Sec.*, No. 20-CV-6035, 2021 WL 4059327, at *7 (W.D.N.Y. Sept. 7, 2021). When "the Court is unable to discern the ALJ's reasoning as to why he omitted [particular] limitations, and where their inclusion in plaintiff's RFC might have resulted in a different outcome, remand is appropriate." *Rackard v. Saul*, No. 19-CV-6357, 2020 WL 5250512, at *2 (W.D.N.Y. Sept. 3, 2020) (cleaned up) (quoting *McIntosh v. Berryhill*, No. 17-CV-5403, 2018 WL 4376417, at *25 (S.D.N.Y. July 16, 2018), *report and recommendation adopted*, No. 17-CV-5403, 2018 WL 4374001 (S.D.N.Y. Sept. 12, 2018)). In this case, the ALJ appears to have accepted the sedentary limitations, but then not incorporated those limitations in the RFC. *See* R. at 3129, 3134. The ALJ's opinion provides no explanation as to why the sedentary limitations from Dr. Fernandez's opinion were not incorporated into the RFC. *See* R. at 3129. Due to the ALJ making no direct mention of the handling limitations, the Court cannot discern the reasoning for their omission. *See* R. at 3134. The Court thus must now determine if their inclusion in Plaintiff's RFC might have resulted in a different outcome. *See Rackard*, 2020 WL 5250512, at *2.

The ALJ found Plaintiff capable of performing three jobs at step five: "addresser," "tube operator," and "document preparer, microfilming." *See* R. at 3162 (citing U.S. Department of Labor, *Dictionary of Occupational Titles* (4th ed. rev. 1991) ("DOT")). "Document preparer, microfilming" and "addresser" both require frequent reaching, handling, and fingering "from 1/3 to 2/3 of the time," while "tube operator" requires only "occasional" fingering. *See* DOT

249.587-018, 1991 WL 672349 (document preparer, microfilming); 209.587-010, 1991 WL 671797 (addresser); 239.687-014, 1991 WL 672235 (tube operator). These requirements are in conflict with the omitted limitations and therefore their inclusion likely would have resulted in a different outcome, as no other potential jobs were proffered by the VE. *See* R. at 3157–65. Therefore, the Commissioner would not have met his step five burden had the limitations been included. *See Estrella*, 925 F.3d at 94.

As the Court cannot discern the reasoning for the handling limitations being omitted, and their inclusion would have changed the step five outcome, remand is appropriate. *See Rackard*, 2020 WL 5250512, at *2.

b. Checkbox Form

Plaintiff argues that the ALJ's stated rationale for assigning only "some weight" to Dr. Fernandez's opinion "does not constitute a good reason." Mot. at 27–28; *see* R. at 3134. Plaintiff argues that the ALJ's rationale rested too heavily on the opinion being a "checkbox form." Mot. at 27–28. The ALJ wrote, in discussing Dr. Fernandez's opinion, "this is a checkbox form not tied to clinical findings and with no support for the sitting limits and appears to be based on a one-time examination." R. 3134.

With respect to Dr. Fernandez's use of a checkbox form, it is well established in this Circuit that a form being a checkbox is not by itself a sufficient reason to discount the treating physician's opinion. *Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022). Instead, the ALJ must analyze "the substance of the medical opinion at issue—not its form—and ultimately whether there is reasonable evidence in the record that supports the conclusions drawn by the medical expert." *Id.* Had the ALJ's discounting of Dr. Fernandez's opinion been based only on his use of the checkbox, there would not have been "good reasons" for that evaluation. However, the ALJ

provided other rationales for giving the opinion only "some weight," stating the form "appears to be based on a one-time examination" and was "not tied to clinical findings." R. at 3134.

Unlike the well-supported checkbox form in *Colgan*, which was backed up with "voluminous treatment notes gathered over the course of nearly three years of clinical treatment," the ALJ here inferred that Dr. Fernandez had only been treating Plaintiff for two days at the time this form was completed. *Compare* 22 F.4th at 362, *with* R. at 3134. As the Commissioner explains, "Dr. Fernandez did not cite any treatment records nor provide an explanation to support his opinion." Resp. at 10. The ALJ considered what evidence in the record supported Dr. Fernandez's conclusion and found it insufficient due to it lacking ties "to clinical findings," as the form stood alone without additional notes. *See* R. at 635, 3134. This support is missing despite the form itself requesting "a copy of the last office visit with this patient" to be included. R. at 635. This is sufficient rationale to find an opinion unsupported. *See Daniel M. S. v. Comm'r of Soc. Sec.*, No. 24-CV-379, 2025 WL 957411, at *4 (N.D.N.Y. Mar. 31, 2025) ("[T]he opinion contained no explanation of the clinical findings that supported it."). Therefore, the Court finds that the ALJ provided sufficient "good reasons" for his determination, and the decision to assign "some weight" satisfies the treating physician rule.

c. <u>Lack of Specific Citations to Inconsistent Medical Evidence</u>

Plaintiff argues that "[t]he ALJ . . . did not cite a single page of medical evidence when stating his reasoning for rejecting Dr. Fernandez's opinion," and that the ALJ was required to do so. Mot. at 28. "*Without specific citations to the medical record identifying specific portions that are inconsistent*, the Court cannot properly review the ALJ's decision, and claimants are deprived of an adequate understanding of the reasoning behind the disposition of their cases." *Id.* (emphasis in original) (quoting *Crutch v. Colvin*, No. 14-CV-3201, 2017 WL 3086606, at *8

(E.D.N.Y. July 19, 2017). Indeed, the ALJ does not discuss inconsistency for this opinion. *See* R. at 3134. The failure to explicitly apply this factor "is [a] procedural error and subject to harmless error analysis." *Schillo*, 31 F.4th at 75.

"A court can conclude that such an error is harmless if the ALJ has otherwise provided 'good reasons' for its weight assignment." *Id.* When the ALJ fails to explicitly apply the C.F.R. § 404.1527(c)(2) factors but has still effectively applied the substance of the treating physician rule, there is harmless error. *Id.* at 79. In reviewing, a court examines the ALJ's application of the C.F.R. § 404.1527(c)(2) factors "including the nature of the examining and treating relationships, the supportability of the opinions, their consistency with the record as a whole, and the doctors' specialization." *Id.* at 79.

The Commissioner argues that Dr. Fernandez's finding of hand limitations was not consistent with the findings from Dr. Jenouri, Dr. Vinluan, and Dr. Stradley, and therefore the ALJ was permitted to discount them. *See* Resp. at 11. However, inconsistencies or substantial evidence supporting the ALJ's ultimate limitation determination alone do not resolve the issue of whether the ALJ was allowed to discount a limitation without explanation. *See Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) ("The plaintiff here is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to her application for benefits.").

Because the ALJ failed to discuss the consistency of Dr. Fernandez's opinion explicitly or effectively through other language, he did not apply the substance of the consistency factor. Thus, his determination fails harmless error analysis. *See Schillo*, 31 F.4th at 75. Accordingly, remand is appropriate.

*2. Second Dr. Fernandez Opinion (Mental): June 16, 2017*

Plaintiff contends that the ALJ improperly assigned no weight to Dr. Fernandez's June 16, 2017, mental capacity opinion. *See* Mot. at 28. Dr. Fernandez opined that Plaintiff cannot work 40 hours per week, and that Plaintiff was not "mentally able to perform simple, repetitive tasks." R. at 636. The ALJ assigned no weight to the entire opinion, *see* R. at 3134, and Plaintiff argues that the ALJ improperly rejected this second part of the opinion by "mischaracteriz[ing] [the opinion's] contents and [giving] no reasoning for rejecting this important substantive limitation." Mot. at 28–29. The Commissioner does not respond to this argument. *See generally* Resp.

The ALJ is "required to explain the reasons behind his acceptance or rejection of various portions of the opinion." *Vickie C. v. Comm'r of Soc. Sec.*, No. 20-CV-1452, 2022 WL 2013415, at *8 (N.D.N.Y. May 18, 2022), *report and recommendation adopted sub nom. Vickie C. v. Kijakazi*, No. 20-CV-1452, 2022 WL 1997580 (N.D.N.Y. June 6, 2022). Failing to provide any reasoning for rejecting a portion of the opinion does not constitute "good reasons" for determining weight. *See Halpin v. Colvin*, No. 17-CV-002, 2018 WL 4922920, at *4 (W.D.N.Y. Oct. 10, 2018). The Court agrees with Plaintiff that the ALJ did not explain why the portion of the opinion regarding "simple repetitive tasks" should be granted no weight. *See* R. at 636, 3134. "Consequently, it is not entirely clear why the ALJ rejected that specific portion of [the] opinion." *Rae L. v. Comm'r of Soc. Sec.*, No. 22-CV-00921, 2025 WL 2611384, at *6 (W.D.N.Y. Sept. 10, 2025). As the ALJ did not provide "good reasons" for providing no weight to the opinion of Plaintiff's treating physician, remand is required. *See Halpin*, 2018 WL 4922920, at *4.

*3. Third Dr. Fernandez Opinion: April 2, 2019*

Plaintiff argues that the ALJ improperly weighed the April 2, 2019, opinion from Dr. Fernandez. Mot. at 29–30. The ALJ wrote, in evaluating this opinion:

> I give this opinion some weight as it is mostly consistent with the evidence in the record and supported with an examination of the claimant. Additionally, Dr. Fernandez is a treating source for the claimant and at the time of this opinion, the examiner had treated the claimant for almost two years. However, this is a check box form with not much explanation and the record does not support the sit and stand limitations stated here.

R. at 3135. Plaintiff contends that the ALJ did not clarify the weight assigned to limitations other than those regarding sitting and standing. Mot. at 29–30. Plaintiff also reiterates two arguments from Dr. Fernandez's first opinion: the ALJ's devaluation of the opinion for using a checkbox form was improper, as was the ALJ's lack of citations to the record. *Id.* at 30. The Court now discusses each issue raised in turn.

a. <u>Non-Assignment Weight</u>

Plaintiff contends that the ALJ must explain the weight given to the "important remaining portions of the opinion," Mot. at 29, after stating the "record does not support the sit and stand limitations stated here," R. at 3135. After viewing the opinion, the ALJ assigned "some weight" to the opinion as a whole, while specifically rejecting only the sit and stand limitations. *Id.* Therefore, the ALJ assigned some weight to the rest of the opinion, and as the Commissioner states, "it is not the function of the reviewing court to reweigh the evidence" and assign a different weight. Resp. at 12 (quoting *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993)). Instead, this Court is "confined to the limited role of assessing whether the ALJ's decision is supported by substantial evidence." *Vincent*, 830 F. Supp. at 133.

b. Checkbox Form

As previously discussed, the checkbox nature of the opinion alone does not diminish its findings when there is "reasonable evidence in the record that supports the conclusions drawn by the medical expert." *Colgan*, 22 F.4th at 361; *see supra* Part IV.B.1.b. As the ALJ said, the opinion is supported by "an examination of the claimant." R. at 3135; *see* 20 C.F.R. § 404.1527(c)(1) (explaining that the opinion of a physician who has examined a patient should be given more weight than the opinion of a physician who has not). Further, at the time of the examination Dr. Fernandez "had treated the claimant for almost two years," R. at 3135, a factor which supports assigning the opinion controlling weight, *see Colgan*, 22 F.4th at 362. While the ALJ found that the sit and stand limitations were not supported by the record, he did find that the opinion "is mostly consistent with the evidence in the record." R. at 3135. With respect to supportability, the Court finds that there was not "substantial evidence" backing the ALJ's conclusion that Dr. Fernandez's sit and stand limitations were not supported.

The Commissioner argues that Dr. Fernandez's failure to cite treatment records or provide additional explanations for his opinion weakens the persuasiveness of the opinion. *See* Resp. at 12. "The better an explanation a source provides for a medical opinion, the more weight [is given to] that medical opinion." 20 C.F.R. § 404.1527(c)(3). However, "[t]reating sources are not required to provide specific citations to the medical record to support their opinions." *Gerbasi v. Comm'r of Soc. Sec.*, No. 14-CV-246, 2015 WL 4470001, at *8 (D. Vt. July 21, 2015).

The potential supportability of the opinion would derive from Dr. Fernandez's claim that he had treated Plaintiff for nearly two years with eleven office visits. *See* R. at 798. Plaintiff argues that "Dr. Fernandez's treatment notes are in this file and provide further support for the

form beyond the checkboxes." Mot. at 30. Upon review, the only office visit Plaintiff cites in her papers before the April 2, 2019 opinion is a February 14, 2019 record of a visit with Dr. Fernandez regarding bilateral knee pain, after which an x-ray was ordered. *See* R. at 2731–36; Mot. at 6–7. The x-ray found "no significant arthritic changes" and noted "[s]mall bilateral quadriceps enthesophytes." R. at 2737. These findings could provide support for standing limitations and should be addressed. The ALJ does not appear to have taken this visit into account by not mentioning it under Finding 5, *see* R. at 3131, nor when weighing the opinion at issue, *see* R. at 3135. None of the other office visits the Court was able to locate in the record appear relevant. *See, e.g.*, R. at 2643–44 (February 20, 2018); R. at 2673–74 (May 9, 2018); R. at 2681–84 (June 8, 2018); R. at 2700–04 (September 21, 2018); R. at 2705–12 (October 2, 2018).

While the supporting records are not quite the "voluminous treatment notes" from *Colgan*, 22 F.4th at 362, neither is this the entirely unsupported opinion from *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Contrary to the ALJ's findings, there does appear to be support in the record for the limitations stated in this opinion. The ALJ thus failed to proffer "good reasons" for the weight accorded this opinion, and remand is therefore appropriate.

c. Lack of Specific Citations to Inconsistent Medical Evidence

Plaintiff argues that the ALJ failed to cite specific inconsistent medical evidence to support his conclusion to only afford "some weight" to Dr. Fernandez's April 2, 2019, opinion. Mot. at 30. In response, the Commissioner argues that Dr. Fernandez's opinion is inconsistent with other substantial evidence, citing to allegedly inconsistent evidence from Drs. Vinluan, Stradley, and Jenouri, as well as conflicts with Plaintiff's self-reported activities. *See* Resp. at 12. The ALJ stated that Dr. Fernandez's third opinion was "*mostly* consistent with the evidence in

the record," (italics added) but "the record does not support the sit and stand limitations." R. at 3135.

A "single sentence of boilerplate referring to the 'evidence of record' does not allow for meaningful appellate review and does not suffice as a 'good reason.'" *Knorr v. Colvin*, No. 15-CV-06702, 2016 WL 4746252, at *14 (W.D.N.Y. Sept. 13, 2016). "Without specific citations to the medical record identifying specific portions that are inconsistent, the Court cannot properly review the ALJ's decision, and claimants are deprived of an adequate understanding of the reasoning behind the disposition of their cases." *Crutch*, 2017 WL 3086606, at *8. While the Commissioner may point out potential inconsistencies in the record, it is the duty of the ALJ to provide those reasons in his determination of weight, so that a claimant may understand why the opinion of their treating physician was weighed the way it was. *See* 20 C.F.R. § 404.1527(c)(2). Therefore, the ALJ's explanation is inadequate, and the case must be remanded for reevaluation of this third opinion.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion, Dkt. No. 11, is **GRANTED** in part; and it is further

**ORDERED**, that the Commissioner's decision is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: August 31, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge